THE TOWN OF SANDY CREEK, Plaintiff

v.

EAST COAST CONTRACTING, INC., MICHAEL D. HOBBS, ENGINEERING SERVICES, PA, CHARLES DAVID DICKENSON, TODD S. STEELE AND RLI INSURANCE COMPANY, Defendants

And

EAST COAST CONTRACTING, INC., Third-Party Plaintiff

v.

THE CITY OF NORTHWEST, Third-Party Defendant

No. COA12-561-2

Filed 16 April 2013

**Immunity—governmental—proprietary function—sewer construction**

In an action involving roads damaged during sewer construction and a claim of governmental immunity, the trial court did not

err by denying a motion to dismiss by the City of Northwest, a third party defendant. A local governmental unit acts in a proprietary function when it contracts with engineering and construction companies, regardless of whether the project under construction will be a governmental function once it is completed.

Appeal by third-party defendant from order filed 13 February 2012, by Judge Ola M. Lewis in Brunswick County Superior Court. Heard in the Court of Appeals 11 October 2012. Petition for discretionary review for the third-party defendant was allowed on 11 March 2013 by the Supreme Court of North Carolina for reconsideration. This opinion supersedes the opinion filed on 18 December 2012.

*Smith Parsons, by Steven L. Smith and Matthew E. Orso, for third-party plaintiff appellee.*

*Crossley McIntosh Collier Hanley & Edes, PLLC, by Justin K. Humphries and Clay Allen Collier, for third-party defendant appellant.*

McCULLOUGH, Judge.

The City of Northwest ("Northwest"), appeals from the trial court's denial of its motion to dismiss East Coast Contracting, Inc.'s ("ECC") third-party complaint. In the initial appeal (*Sandy Creek I*), we affirmed the denial of Northwest's motion on the limited basis of governmental immunity. Our Supreme Court entered an order on 11 March 2013, directing the Court of Appeals to reconsider our decision in light of the case of *Williams v. Pasquotank Co. Parks and Recreation Dep't*, ___ N.C. ___, 732 S.E.2d 137 (2012). Upon reconsideration, we again affirm the trial court's ruling.

## I. Background

This case began 9 September 2010 when The Town of Sandy Creek ("Sandy Creek") filed suit against ECC, Engineering Services, PA ("ES"), and individuals seeking recovery for damages to Sandy Creek roads allegedly caused by ECC while ECC was constructing a sewer system for Northwest. The facts were fully set forth in *Sandy Creek I* and will not be repeated here unless necessary to understand the rationale for our decision.

With Sandy Creek's original suit pending, ECC filed a third-party complaint against Northwest on 12 November 2010 alleging breach of

contract, negligence, and indemnity and contribution. Northwest then filed a Rule 12(b)(6) motion to dismiss on 14 February 2011. The trial court on 13 February 2012, denied Northwest's motion to dismiss.

Northwest appealed that order upon the trial court's Rule 54(b) certification. In *Sandy Creek I,* we set forth the standard of review and we concluded that the lower court's denial of Northwest's motion was appealable.

## Governmental Immunity

In *Sandy Creek I,* we noted: "In North Carolina the law on governmental immunity is clear. In the absence of some statute that subjects them to liability, the state and its governmental subsidiaries are immune from tort liability when discharging a duty imposed for the public benefit." *McIver v. Smith,* 134 N.C. App. 583, 585, 518 S.E.2d 522, 524 (1999).

In the initial appeal, Northwest first argued that it is entitled to governmental immunity because ECC failed to plead statutory authorization to sue the city and failed to plead waiver of immunity.

We held that waiver of governmental immunity need only be pled where a municipal corporation is acting in a governmental capacity; and where a municipal corporation is acting in a proprietary manner, waiver need not be pled. *See McIver,* 134 N.C. App. at 586, 518 S.E.2d at 525.

In *Sandy Creek I,* we recognized the difficulty in making the determination of whether an authority is entitled to governmental immunity stating: "Our courts have long noted that drawing the line between municipal operations which are proprietary and subject to tort liability versus operations which are governmental and immune from such liability is a difficult task." *Pulliam v. City of Greensboro,* 103 N.C. App. 748, 751, 407 S.E.2d 567, 568 (1991).

Northwest contended that the construction of a sewer system is a governmental function and entitled to governmental immunity. Northwest relied on *McCombs v. City of Asheboro,* where the plaintiff's intestate crawled into a ditch excavated for the laying of a sewer line and was killed when the ditch partially collapsed on top of him. 6 N.C. App. 234, 235, 170 S.E.2d 169, 170 (1969). In *McCombs,* we addressed the issue of governmental immunity and noted "that the courts are sharply divided as to whether the construction of a sewerage system constitutes a governmental function or a proprietary function." *Id.* at 240, 170 S.E.2d at 173. Yet, we ultimately held "the construction of a sewerage system is a governmental function[.]" *Id.*

In *Sandy Creek I*, this Court felt the case of *City of Gastonia v. Balfour Beatty Constr. Corp.*, 222 F. Supp. 2d 771 (W.D.N.C. 2002), to be a better analogy. Although not controlling, in *Balfour*, the court considered whether the construction of a water treatment facility was a governmental or proprietary function. While attempting to apply the law as it anticipated the North Carolina Supreme Court would, the court stated:

> The law of North Carolina requires that the Court look with particularity at the specific function alleged to be governmental. It is not enough to say that "construction" of a water treatment plant is governmental. The Court must look at what part of the long process of construction is alleged to be governmental and which parts are alleged to be proprietary. The decision to construct a water treatment plant, the determination of where to locate it, as well as the setting of standards for its capacity and capability are all exercises of governmental function utilizing governmental discretion. How the City of Gastonia conducts its business relationships with contractors and subcontractors is not inherently governmental -- such a function requires no exercise of governmental discretion.

*Id.* at 774.

### Reconsideration

We now must consider the guidance provided in our Supreme Court's case by *Estate of Williams*, ___ N.C. ___, 732 S.E.2d 137. In that case, the Court dealt with a drowning in a portion of a public park called the "Swimming Hole," an area rented to the public for a fee. The trial court and Court of Appeals had both denied Pasquotank County's attempt to dismiss under the doctrine of governmental immunity. There the Court of Appeals had set forth a four-factor test to assist in determining whether an activity was governmental or proprietary in nature. That test was articulated as follows:

> (1) whether an undertaking is one *traditionally* provided by the local governmental units[;] (2) [i]f the undertaking of the municipality is one in which *only* a governmental agency could engage, or if any corporation, individual, or group of individuals could do the same thing[;] (3) whether the county charged a substantial fee[;] and (4) if a fee was charged, whether a profit was made.

*Estate of Williams v. Pasquotank Cnty. Parks & Rec. Dep't*, ___ N.C. App. ___, ___, 711 S.E.2d 450, 453 (2011) (internal quotation marks and citations omitted).

The Court of Appeals held that the second factor, whether the undertaking was one in which only a governmental agency could engage, was the most important factor.

Our Supreme Court reversed, stating that our analysis should begin with determining what position, if any, the legislature has taken regarding this activity. This deference is warranted because the courts should not abrogate a doctrine when the legislature has expressed itself. In *Estate of Williams*, our Supreme Court stated:

> "We suggested in *Steelman v. City of New Bern*, 'It may well be that the logic of the doctrine of sovereign immunity is unsound and that the reasons which led to its adoption are not as forceful today as they were when it was adopted.' 279 N.C. at 595; 184 S.E.2d at 243. However, we declined to abrogate a municipality's governmental immunity from tort liability for the negligence of its agents acting in the scope of their authority. The rationale was that, albeit the doctrine was 'judge-made,' the General Assembly had recognized it as the public policy of the State by enacting legislation which permitted municipalities and other governmental bodies to purchase liability insurance and thereby waive their immunity to the extent of the amount of insurance so obtained. *Id.* at 594-96, 184 S.E.2d at 242-53."

___ N.C. ___, ___, 732 S.E.2d 137, 140-41 (2013) (quoting *Smith v. State*, 289 N.C. 303, 312, 222 S.E.2d 412, 418-19 (1976)).

Our Supreme Court recognized that governmental immunity does have limits and will not apply when the function is proprietary. *Town of Grimesland v. City of Washington*, 234 N.C. 117, 123, 66 S.E.2d 794, 798 (1951).

Even though the legislature had recognized that the operation of public parks are proper governmental functions, N.C. Gen. Stat. § 160A-351 (2011), our Supreme Court remanded the case for a determination as to the amount of revenues derived by Pasquotank County in its operation of the "Swimming Hole."

In the case at bar, however, we recognize that judicial precedent has previously held that construction of a sewer system is a governmental

function. *McCombs*, 6 N.C. App. 234, 170 S.E.2d 169. That is not the nature of the claim in this case, however. Here, this case began when the Town of Sandy Creek sued ECC and ES, both of whom contracted with Northwest. The City of Northwest was brought into the suit by a Third-Party Complaint based on Northwest's contractual relationship with the defendants.

In *Sandy Creek I*, we analyzed these pleadings as follow:

> In the present case, ECC claims "Northwest owed [it] a duty of reasonable care in the exercise of its responsibilities on the Project[]" and Northwest breached this duty by "failing to provide Contract Documents sufficient for construction of the Project[,]" "improperly certifying that ECC's work was complete and in conformance with the Contract Documents[,]" accepting "Engineering Services, P.A.'s improper certification that ECC's work was complete and in conformance with the Contract Documents[,]" "failing to direct ECC to correct the allegedly damaged Sandy Creek streets[,]" "failing to properly administer the Contract such that sufficient funds remained to pay for the work to correct the allegedly damaged Sandy Creek streets[,]" and "failing to retain a competent representative to administer the Contract in such a way so as to avoid harm to third parties."

> Northwest argues these are political decisions to which ECC attempts to attribute liability. We disagree. These allegations of breaches of the duty of reasonable care do not concern decisions of government discretion such as whether to construct a sewer system or where to locate the sewer system. Instead, the alleged breaches concern Northwest's handling of the contract and Northwest's business relationship with the contractor, acts that are not inherently governmental but are commonplace among private entities.

> Thus, even where "the focus is on the nature of the service itself, not the provider of the service[,]" *Wright v. Gaston County*, 205 N.C. App. 600, 606, 698 S.E.2d 83, 88 (2010), we find that Northwest was involved in a proprietary function while handling its business relationship with ECC and the trial court did not err in denying Northwest's motion to dismiss based on governmental immunity.

**TOWN OF SANDY CREEK v. E. COAST CONTRACTING, INC.**

[226 N.C. App. 576 (2013)]

After reviewing the present case using the guidance set forth in *Estate of Williams*, we remain convinced that a local governmental unit acts in a proprietary function when it contracts with engineering and construction companies, regardless of whether the project under construction will be a governmental function once it is completed. This is ever more so when the party harmed is a neighboring municipality.

## II. Conclusion

Accordingly, we once again affirm the trial court's order on the limited basis of governmental immunity.

Affirmed.

Judges GEER and STEPHENS concur.